UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TASHA LYNN TRIPP,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]

    Defendant.

Case No. C16-5607-TSZ

**ORDER REVERSING AND REMANDING CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Tasha Lynn Tripp seeks review of the denial of her application for Disability Insurance Benefits. Ms. Tripp contends the ALJ harmfully erred in making an adverse credibility finding with respect to her own testimony. Dkt. 7 at 1. Ms. Tripp contends this matter should be remanded for further administrative proceedings. *Id.* As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

## BACKGROUND

On January 3, 2013, Ms. Tripp applied for benefits, alleging disability as of April 14, 2009. Tr. 12, 145-46. Ms. Tripp's application was denied initially and on reconsideration. Tr. 12, 62-84. After the ALJ conducted a hearing on June 18, 2014, the ALJ issued a decision finding Ms. Tripp not disabled. Tr. 12-22. During the hearing, Ms. Tripp amended her alleged disability onset date to November 5, 2012. Tr. 12, 31.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Ms. Tripp has not engaged in substantial gainful activity since November 5, 2012, the alleged onset date.

**Step two:** Ms. Tripp has the following severe impairments: degenerative disc disease; fibromyalgia; psoriasis.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity:** Ms. Tripp can perform light work as defined in 20 C.F.R. § 404.1567(b) except she can stand or walk for two hours in an eight-hour workday; she can sit for six hours in an eight-hour workday; she needs to be able to change positions and stretch every half-hour; she is limited to frequent climbing of ladders, ropes, or scaffolds; she must avoid concentrated exposure to cold, heat, vibration, and hazards.

**Step four:** Ms. Tripp can perform past relevant work as an administrative clerk or receptionist.

**Step five:** Alternatively, as there are other jobs that exist in significant numbers in the national economy that Ms. Tripp can perform, she is not disabled.

Tr. 12-22. The Appeals Council denied Ms. Tripp's request for review making the ALJ's decision the Commissioner's final decision. Tr. 1-6.[4]

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

# DISCUSSION

A. **Ms. Tripp's Testimony**

Ms. Tripp testified that her symptoms of back pain and fibromyalgia were the primary impairments that kept her from working. Tr. 37. She testified that she also experienced anger and sadness related to her physical condition. Tr. 41. Ms. Tripp testified that she spent most of the day (19-20 hours) lying down because sitting was painful. Tr. 44. She testified that she was only able to sit for 20 minutes at a time before she had to return to lying down and that she could probably sit for two hours total over an eight-hour period. Tr. 48. Ms. Tripp testified that she could only walk for a couple of minutes at a time because it jarred her back. *Id.* She testified that she would be unable to do a full-time job requiring significant sitting and some standing and walking. Tr. 53. Ms. Tripp testified that she received a lot of help from her parents, husband and sister-in-law in caring for her two children, that she was unable to do laundry or attend church anymore, and that she only went shopping if it was an emergency or to buy one item. Tr. 43-44, 50-52. She testified that she had been unable to receive regular treatment due to financial issues. Tr. 41, 45. She testified that her medications, including Lyrica, Pristiq, and Vicodin "take the edge off" but that she still suffered with aches and pains every day. Tr. 38.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (internal citation and quotation marks omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at

---

[4] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

834 (internal citation and quotation marks omitted).  "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  Here, the ALJ concluded that Ms. Tripp's testimony was "not entirely credible" but failed to provide sufficient clear and convincing reasons to discount Ms. Tripp's subjective symptom testimony.  Tr. 17.

### 1. *Severity of Alleged Symptoms Unsupported by the Medical Evidence*

The ALJ discounts Ms. Tripp's testimony on the grounds that the medical evidence is inconsistent with the alleged severity of her symptoms.  Tr. 18.  Specifically, the ALJ points to various objective tests including: a February 2010 MRI scan showing mild degenerative changes in Ms. Tripp's lumbar spine; a February 2012 CT scan of the pelvis showed degenerative changes at L5-S1, mild facet arthrosis and asymmetric right sided SI joint arthropy;[5] a November 2012 examination showing Ms. Tripp's spinal motion was normal and no weakness in her legs; and a December 2012 EMG, by Mohammad A. Saeed, M.D., showing mild bilateral S1 root irritation or radiculopathy and very mild early distal sensory neuropathy.[6]  *Id.*; Tr. 232, 275, 277.  The ALJ also notes that in July 2012, Sunanda Uberoi, M.D., indicated, in discussing Ms. Tripp's fibromyalgia, that she manages "reasonably well" on Lyrica and Vicodin.[7]  Tr. 18,

---

[5] The ALJ notes that Ms. Tripp has a history of working with these "mild" back impairments.  Tr. 18.  However, Ms. Tripp does not allege disability until November 2012 due to progressively worsening symptoms.  Tr. 53.  Ms. Tripp's ability to perform some work prior to the alleged onset of her disability does not necessarily undermine her allegations.

[6] The ALJ notes that "the objective evidence does not support [Ms. Tripp's] complaints from back pain and associated difficulties, such as radiating pain into the legs or neuropathy.  Tr. 18.  However, the EMG findings do show mild bilateral S1 root irritation or radiculopathy i.e. radiating pain into the legs, and mild neuropathy.  Tr. 232.  As noted below, the fact that the level of Ms. Tripp's pain or neuropathy may not be fully supported by objective medical evidence is not a sufficient reason on its own to discount her testimony.

[7] In evaluating the opinion evidence, the ALJ also gives significant weight to the July 2013 opinion of

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

1  282. The ALJ emphasizes the fact that several of the above objective findings were "mild" and

2  thus concludes that they are inconsistent with the level of pain or symptoms alleged. *Id.*

3  However, as both parties appear to acknowledge, the fact that the severity of Ms. Tripp's alleged

4  symptoms may not be fully supported by the objective medical evidence is not a clear and

5  convincing reason, on its own, to discount her testimony. *See* Dkt. 7 at 5; Dkt. 8 at 4.

6  Although an ALJ may consider the objective medical evidence in evaluating a claimant's

7  testimony "[o]nce a claimant produces medical evidence of an underlying impairment which is

8  reasonably likely to be the cause of some pain [or other symptom], the ALJ 'may not discredit a

9  claimant's testimony of pain and deny disability benefits solely because the degree of pain

10  alleged by the claimant is not supported by objective medical evidence." *Orteza v. Shalala*,

11  50 F.3d 748, 749-50 (9th Cir. 1995) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir.

12  1991 (en banc)); *see Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996) ("[T]he claimant need

13  not show that her impairment could reasonably be expected to cause the severity of the symptom

14  she has alleged; she need only show that it could reasonably have caused some degree of the

15  symptom."); *and see Rollins*, 261 F.3d at 857 (the medical evidence is a relevant factor in

16  determining the severity of the claimant's pain and its disabling effect but subjective pain

17  testimony cannot be rejected solely because it is not fully corroborated by objective medical

---

18  nonexamining State consultant Charles Wolfe, M.D., that Ms. Tripp could lift or carry 20 pounds occasionally and 10 pounds frequently, could stand or walk for two hours in an eight-hour workday,
19  could frequently climb ladders, ropes, or scaffolds, and should avoid concentrated exposure to extreme cold, extreme heat, vibration, and hazards. Tr. 20, 74-83. However, although the ALJ relies on
20  Dr. Wolf's opinion to support the RFC determination, he does not cite the opinion as a basis for discounting Ms. Tripp's subjective symptom testimony, nor does either party raise Dr. Wolf's opinion in
21  their briefs in addressing the ALJ's discussion of Ms. Tripp's testimony. *See* Dkt. 7 and Dkt. 8. Under the circumstances, the Court will not improperly speculate here as to whether Dr. Wolf's opinion may have served as a valid basis to discount Ms. Tripp's testimony. *See Bray v. Comm'r of Soc. Sec. Admin.*,
22  554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc*
23  rationalizations that attempt to intuit what the adjudicator may have been thinking.").

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

1 evidence).  The rationale for this rule is that "pain is a completely subjective phenomenon" and

2 "cannot be objectively verified or measured."  *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).

3 "Moreover, the level of pain caused by an impairment varies significantly among individuals

4 'according to the pain threshold and stamina of the individual victim.'"  *Bunnell*, 947 F.2d at 347

5 (quoting *Howard v. Heckler*, 782 F.2d 1484, 1488 (9th Cir. 1986)).  "Pain may be disabling and

6 … individuals truly suffering from disabling pain are entitled to disability benefits."  *Id.*

7       Here, the ALJ found Ms. Tripp's degenerative disc disease, fibromyalgia and psoriasis to

8 be medically determinable impairments.  Tr. 14.  As such, the ALJ could not reject Ms. Tripp's

9 subjective complaints of pain or other related symptoms based on a lack of objective medical

10 evidence to fully corroborate the alleged severity of those symptoms.[8]  *See Orteza*, 50 F.3d at

11 749-50.  Accordingly, lack of objective medical evidence alone was not a clear and convincing

12 reason to discount Ms. Tripp's testimony, nor are any of the other reasons posited by the ALJ

13 sufficiently clear and convincing.

14       *2.      Activities of Daily Living*

15       The ALJ also discounts Ms. Tripp's testimony as inconsistent with her activities of daily

16 living.  Tr. 19.  Specifically, the ALJ notes that Ms. Tripp cares for her son and daughter,

17 prepares simple meals, does laundry, cleans the bathroom, sweeps floors and shops for

---

[8] Ms. Tripp also argues that the ALJ erred in failing to address George H. Krick, M.D.'s finding of asymmetrical Deep Tendon Reflexes (DTR) at both the patellar and achilles levels. Dkt. 7 at 4; Tr. 230. Ms. Tripp argues that this finding was significant, probative evidence that "substantiates her subjective reports of pain." *Id.*  However, in noting this finding Dr. Krick does not explain what significance, if any, it has in terms of limiting Ms. Tripp's functionality or producing pain.  In fact, the only additional finding Dr. Krick makes is that although Ms. Tripp "does have some asymmetry in the deep tendon reflexes in her lower extremities, I do not find weakness in the lower extremities." Tr. 231.  As such, without more, the Court cannot conclude that this was significant, probative evidence which the ALJ separately erred in failing to address. *See Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (The ALJ "need not discuss *all* evidence presented to her.  Rather she must explain why significant probative evidence has been rejected." (internal citations and quotation marks omitted)).

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 6

1  necessities.  *Id.*  There are "two grounds for using daily activities to form the basis of an adverse
2  credibility determination": (1) evidence of the daily activities contradicts the claimant's other
3  testimony, or (2) evidence of the daily activities meets the threshold for transferable work skills.
4  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  Neither of these two grounds is present in this
5  case.

6       First, the ALJ fails to sufficiently identify specific testimony from Ms. Tripp which is
7  contradicted by her activities.  *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)
8  (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must
9  explain what evidence undermines the testimony"); *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th
10 Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing
11 court to conclude the [ALJ] rejected [the] claimant's testimony on permissible grounds and did
12 not arbitrarily discredit the claimant's testimony" (citation and internal quotation marks
13 omitted)).  Here, the ALJ fails to explain how Ms. Tripp's ability to perform some basic
14 household chores and care for her children is inconsistent with her allegations.  Rather, the ALJ
15 simply concludes that the ability to perform some housework and "daily care of a young child …
16 demonstrates that the claimant's pain is controlled sufficiently for her to regularly perform light
17 work without having to take time off or a series of extended breaks throughout the day." Tr. 19.
18 Such a conclusory assertion is insufficient.  *See Holohan*, 246 F.3d at 1208; *see e.g., Powell v.*
19 *Colvin*, No. C16-5558, 2016 WL 7665915 *8 (W.D. Wash., Dec. 21, 2016) ("The Court will not
20 assume, simply by virtue of the fact that the plaintiff is a mother, that her daily activities are
21 inconsistent with disability.").

22      Moreover, a review of the record reveals that, although Ms. Tripp indicated she was able
23 to do some household chores and perform some childcare, she also testified that her ability to

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 7

engage in these activities was significantly limited by her symptoms and that she required significant assistance. For instance, Ms. Tripp noted that she received substantial help from her husband, her parents and sister-in-law in caring for her children, that her meal preparation frequently consisted of "frozen or out of the boxes," and that she could manage cleaning the bathroom and sweeping for about 15 minutes. Tr. 43-44, 200. She further indicated at the hearing that while in the past she could do some laundry and shop twice every two weeks that, as her symptoms have worsened, her husband now handles the laundry fully and that she only shops if there's an emergency or for a single item. Tr. 51-52, 200-01. Accordingly, Ms. Tripp's testimony is not inconsistent with her limited activities.

Second, Ms. Tripp's activities do not meet the threshold for transferable work skills. Evidence of a claimant's daily activities may be sufficient to discredit an allegation of disabling excess pain if the claimant "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, "the ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Orn*, 495 F.3d at 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). Here, the fact that Ms. Tripp is a mother and is capable of performing some limited, basic household chores is insufficient on its own to establish she is able to spend a substantial part of her day engaged in physical functions transferrable to the work setting. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Fair*, 885 F.2d at 603 (9th Cir. 1989) ("Many home activities are not easily transferrable to what may be the more

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 8

grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). This is particularly so in light of the significant limitations and assistance Ms. Tripp testified she has in performing the activities identified by the ALJ.

Accordingly, the ALJ erred in discounting Ms. Tripp's testimony as inconsistent with her daily activities.

### 3. Pain Controlled with Medication

The ALJ also notes that in July 2012, Sunanda Uberoi, M.D. indicated, in discussing Ms. Tripp's fibromyalgia syndrome, that Ms. Tripp manages "reasonably well" on Lyrica and Vicodin. The ALJ also notes that Ms. Tripp's treating sources "have not expressed concern over pain relief or the need for stronger pain medication." Tr. 19, 282. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r. of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). However, the Ninth Circuit has cautioned against relying too heavily on indications in the medical record of improvement or that a claimant is "'doing well,'" because "'doing well for the purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity.'" *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001). Here, Dr. Uberoi does not define or explain what he means in terms of Ms. Tripp's functionality in indicating she is managing "reasonably well" with her medication. Such a statement may have various meanings in the context of treatment including that Ms. Tripp is using her medication properly, that there are minimal side effects, or that it improves her condition somewhat but not necessarily to the point that she is able to work.

Similarly, there are a number of reasons a provider might not prescribe additional medication, particularly a potent opioid such as Vicodin, despite ongoing symptoms. For instance, there may not be other better viable medications or treatments available, the patient may be taking the maximum therapeutic dose, or there may be concern about side-effects at increased dosage. Thus, the fact that Ms. Tripp's providers did not prescribe additional medication does not, without more, necessarily demonstrate that her symptoms are adequately controlled by medication such that she could perform light work. Rather, this may indicate merely that Ms. Tripp is managing her condition as well as possible given the nature of the illness and available treatments. Accordingly, without more, substantial evidence does not support discounting Ms. Tripp's testimony based on Dr. Uberoi's statement that she is managing "relatively well" or because her providers did not prescribe additional medication. Tr. 282.

### 4. *Continued to Look for Work*

The ALJ also notes that in April 2013, Ms. Tripp reported to Mary Lemberg, M.D., that she "has not been able to find work", which the ALJ found indicated that she has continued to look for work. Tr. 19. A claimant's employment or seeking of work while allegedly disabled may serve as a proper ground for discounting her testimony. *See, e.g., Bray v. Astrue*, 554 F.3d 1219, 1227 (9th Cir. 2009) (affirming ALJ's adverse credibility finding based, in part, on claimant's employment and seeking of work while allegedly disabled); *Copeland v. Bowen*, 861 F.2d 536 (9th Cir. 1988) (affirming ALJ's adverse credibility finding based, in part, on claimant's holding himself out as available to work in order to receive unemployment insurance benefits during the alleged period of disability). However, here, Dr. Lemberg's report indicates that Ms. Tripp explained she had not worked since March 2011, a year and a half prior to her alleged disability onset date, "because she has not been able to find work and is not sure what

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 10

she could do physically." Tr. 305. Given that Ms. Tripp was explaining why she had not worked over a two year period (a year and a half of which occurred prior to her alleged disability onset) that one of her reasons was the inability to find work is not necessarily inconsistent with her claim of disability commencing in November 2012. *Id.* That Ms. Tripp may have continued to look for work prior to her alleged disability onset date is not inconsistent with her allegation of disability commencing in November 2012 and it is not clear from her statement that she has, in fact, continued to look for work after November 2012.[9] *Id.* Furthermore, Ms. Tripp also indicates to Dr. Lemberg that she has also not worked because she is not sure what she can do physically and in the very next sentence Dr. Lemberg notes that Ms. Tripp "describes chronic pain and has difficulty keeping up with home responsibilities and activities of daily living due to pain." *Id.* Thus, it is not clear from Ms. Tripp's statement that she was, in fact, holding herself out as capable of working or actively seeking work during the alleged period of disability. Accordingly, without more, the Court does not find Ms. Tripp's statement to her provider necessarily inconsistent with her testimony or her claim of disability commencing in November 2012.

In sum, the ALJ erred in failing to give clear and convincing reasons, either individually or collectively, for discounting Ms. Tripp's testimony. In reaching this conclusion, the Court does not conclude that the ALJ could not have stated sufficient reasons and, in fact, he may very well do so on remand. However, the reasons relied upon by the ALJ in the instant decision are not clear and convincing.

---

[9] Given the lack of clarity regarding the period in which Ms. Tripp continued to look for work, to the extent the ALJ intended to discount her testimony on this basis, he had a duty to develop and clarify the record on this point. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ's duty to develop the record triggered by ambiguous evidence).

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 11

B.   **Scope of Remand**

In general, the Court has discretion to remand for further proceedings or to award benefits. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 1990). The Court may remand for benefits where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). "[A] reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony." *Id.* at 1107.

Here, it is not clear from the record that the ALJ would be required to find Ms. Tripp disabled if her testimony was properly considered. Because the record does not compel a finding of disability, the Court finds it appropriate to remand this case for further administrative proceedings.[10] *See Treichler*, 775 F.3d at 1107.

---

[10] Ms. Tripp requests that this matter be remanded for further proceedings, not for an award of benefits. Dkt. 7 at 1.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 12

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate Ms. Tripp's subjective symptom testimony.

DATED this 2nd day of March, 2017.

Thomas S. Zilly
United States District Judge

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 13